```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMERICAN STEAMSHIP OWNERS MUTUAL           07 CIV  9353 (PAC)
PROTECTION AND INDEMNITY
ASSOCIATION, INC.,                         ANSWER, UNDER RESTRICTED
                                           APPEARANCE PURSUANT TO
                     Plaintiff,            FED. R. CIV. P. E(8),
                                           WITH AFFIRMATIVE DEFENSES
         -against-                         AND CROSS-CLAIM

and SPHINX SHIPPING AGENCY,
CLEOPATRA NAVIGATION CO. LTD.,

                     Defendants.
------------------------------------X
```

Defendant SPHINX SHIPPING AGENCY (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers, under restricted appearance pursuant to Supplemental Admiralty Rule E(8) of the Federal Rules of Civil Procedure, the Verified Complaint of plaintiff upon information and belief as follows:

FIRST: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "5", "6", "7", "9", "10", "11", "12", "13" and "14" of plaintiff's Verified Complaint.

SECOND: Answering defendant denies each and every allegation contained in paragraphs "4", "8" and "15" of plaintiff's Verified Complaint.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRD: The Complaint fails to state a claim against answering defendant on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH: Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

1

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH: If there was any loss of and/or damage as alleged in the Complaint, defendants are not liable to the plaintiffs by reasons of the provisions contained in the contract and/or rules and/or bylaws alleged by plaintiff, but not conceded by answering defendant, to apply.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH: Answering defendant puts plaintiff to its proof of compliance with the provisions for giving notice and the commencement of suit as provided for in the aforesaid contract and/or rules and/or in applicable law.

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH: Answering defendant never entered into any contract with plaintiff and never ratified or endorsed any such agreement as co-assured or otherwise.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: Answering defendant never authorized any other party to enter into any contract with plaintiff and never ratified or endorsed any such agreement as co-assured or otherwise.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid contracts and/or rules and applicable law as referenced above and/or the doctrine of laches.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH: Any losses or damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and has no direction or control.

<u>AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH: Plaintiff herein has failed to mitigate its damages.

<u>AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTEENTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

<u>AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTEENTH: The terms of the contracts alleged but not conceded to apply, require that this matter be heard in a forum other than this Court.

<u>AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTEENTH: Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTEENTH: This Court lacks personal jurisdiction of answering defendant.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:  Plaintiff has failed to make proper service of process upon answering defendant.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:  This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:  Answering defendant never consented to be named as an additional assured on plaintiff's policy or to be responsible for any premiums owing to plaintiff and never derived any benefit from the purported insurance.

AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:  The claims for which security is sought are unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of answering defendant's property.

AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:  The attachment should be vacated, because answering defendant is subject to personal jurisdiction in a jurisdiction convenient to plaintiff.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: The attachment should be vacated, because both plaintiff and answering defendant are present in another jurisdiction.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Plaintiff's claims are contingent liabilities not meriting the allowance of the previously ordered Supplemental Admiralty Rule B attachment to secure same and should be vacated.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The attachment should be vacated, since Defendant is "found" within this district.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY SIXTH: The attachment should be vacated, since plaintiff's claims have already been adequately secured.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The attachment should be vacated, since plaintiff has not established that it has a maritime claim against defendant.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The attachment should be vacated as intended only to harass.

5

### AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims E(7), defendant seeks counter-security from plaintiff.

### AS AND FOR A CROSS-CLAIM, WITHOUT WAIVER OF ANSWERING DEFENDANT'S RESTRICTED APPEARANCE UNDER FED. R. CIV. P. E(8), AGAINST CLEOPATRA NAVIGATION CO. LTD.

THIRTIETH: This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction and Supplemental Admiralty Rule B attachment.

THIRTY-FIRST: That all times mentioned hereafter answering defendant was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

THIRTY-SECOND: That at all times mentioned defendant CLEOPATRA NAVIGATION CO. LTD., was and is a corporation organized and existing under the laws of a foreign country.

THIRTY-THIRD: That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of defendant CLEOPATRA NAVIGATION CO. LTD.

THIRTY-FOURTH: That if answering defendant is found responsible for any of the loss and/or damage sustained by plaintiff herein, answering defendant is entitled to indemnification and/or contribution in whole or in part from the

co-defendant, CLEOPATRA NAVIGATION CO. LTD., for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant SPHINX SHIPPING AGENCY demands judgment dismissing the Verified Complaint herein, along with costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendant, CLEOPATRA NAVIGATION CO. LTD., for all sums which may be recovered by plaintiff against answering defendant including attorneys' fees, costs, and disbursements of this action, and further demands that this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment be vacated, and that answering defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 8, 2008

                                    Respectfully submitted,

                                    MAHONEY & KEANE, LLP
                                    Attorneys for defendant
                                    SPHINX SHIPPING AGENCY

                            By:     _____
                                    Edward A. Keane (EK 1398)
                                    111 Broadway, Tenth Floor
                                    New York, New York  10006
                                    (212) 385-1422
                                    File: 12/3493/B/07/11

TO:  LYONS & FLOOD
     Attorneys for Plaintiff
     65 West 16th Street, 7th Floor
     New York, New York  10018
     (212) 594-2400